IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL LEE ROSE,                    :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :   Civ. No. 06-370-JJF
                                     :
COMMISSIONER STAN TAYLOR,            :
FIRST CORRECTIONAL MEDICAL,          :
CORRECTIONAL MEDICAL SERVICES,:
DR. NIAZ, DR. ALIE, and              :
WARDEN THOMAS CARROLL,               :
                                     :
          Defendants.                :

**MEMORANDUM ORDER**

Plaintiff Michael Lee Rose ("Rose"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on June 19, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Commissioner Stan Taylor ("Commissioner Taylor"), Dr. Alie ("Dr. Alie"), and Warden Thomas Carroll ("Warden Carroll")[1] will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

[1]On the back side of page two of the complaint, plaintiff lists as defendants Dr. Niaz, Dr. Alie, and Warden Thomas Carroll. The docket sheet does not list these defendants. The Clerk of the Court is directed to add their names to the court docket.

## I.    THE COMPLAINT

Plaintiff alleges that as early as November 2001, First
Correctional Medical ("FCM") knew he had Hepatitis C and that he
needed medical care, but it refused to provide the care to him.
He alleges that he asked "every doctor in [FCM]" to give him
medical care for his condition, but they refused.  Plaintiff also
alleges that he "came to DCC in 2004 and ask [sic] every doctor
for help", and was again refused.  Plaintiff further alleges that
he was later told by Dr. Niaz that he had six months to live, and
again was refused treatment by Dr. Niaz and Correctional Medical
Services ("CMS").  Plaintiff seeks compensatory and punitive
damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  When a
prisoner seeks redress from a government defendant in a civil
action, 28 U.S.C. § 1915A provides for screening of the complaint
by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)
provide that the Court may dismiss a complaint, at any time, if
the action is frivolous, malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief from a
defendant immune from such relief.

Pro se complaints are liberally construed in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The

Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)).

-3-

Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. <u>Sutton v. Rasheed</u>, 323 F.3d 236, 249 (3d Cir. 2003)(quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff names as defendants Commissioner Taylor, Dr. Alie, and Warden Carroll. There are no allegations in the complaint to sufficiently apprise these three Defendants of any claim Plaintiff attempts to bring against them. The complaint fails to set forth any acts or inactions of these Defendants and it does not indicate when the alleged acts took place.

As the complaint now stands, the allegations against Commissioner Taylor, Dr. Alie, and Warden Carroll do not rise to the level of a constitutional violation. Therefore, the claims against them are dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**IV. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff also requests appointment of counsel. (D.I. 6, 7.) He seeks appointed counsel on the basis that he attempted to obtain counsel, and was told by an attorney he contacted that his case is too complicated.

A <u>pro</u> <u>se</u> litigant proceeding <u>in</u> <u>forma</u> <u>pauperis</u> has no constitutional or statutory right to appointed counsel. <u>See</u> <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for

Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Based upon the foregoing, the motion for appointment of counsel (D.I. 6) is denied without prejudice, with leave to refile following service of the complaint.

**V.    CONCLUSION**

NOW THEREFORE, at Wilmington this _13_ day of July, 2006, IT IS HEREBY ORDERED that:

1.   The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2.   The motion for appointment of counsel (D.I. 6) is denied without prejudice, with leave to refile following service of the complaint.

3.   Plaintiff's claims against Defendants Commissioner Stan

Taylor, Dr. Alie, and Warden Thomas Carroll are **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4.    The Court has identified a cognizable Eighth Amendment medical needs claim against Defendants First Correctional Medical, Correctional Medical Services, and Dr. Niaz.  Plaintiff is allowed to **PROCEED** against these Defendants.

5.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **remaining Defendants First Correctional Medical, Correctional Medical Services, and Dr. Niaz,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c).  **Additionally, Plaintiff shall provide the Court with one copy of the complaint (D.I. 2) for service upon each remaining Defendant.  Furthermore, Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court.  Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the Attorney General within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

6.    Upon receipt of the forms required by paragraph 5 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order, and a "Return of Waiver" form upon Defendants identified in the 285 forms.

7.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

8.    Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

9.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil

action unless the documents reflect proof of service upon the
parties or their counsel.

    10.  **NOTE: \*\*\*** When an amended complaint is filed prior to
service, the Court will **VACATE** all previous service orders
entered, and service **will not take place**.  An amended complaint
filed prior to service shall be subject to re-screening pursuant
to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

    11.  **NOTE: \*\*\*** Discovery motions and motions for appointment
of counsel filed prior to service will be dismissed without
prejudice, with leave to refile following service. **\*\*\***

                                  _____
                                UNITED STATES DISTRICT JUDGE