IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL LEE ROSE,                :
                                 :
        Plaintiff,               :
                                 :
    v.                           :    Civ. No. 06-370-JJF
                                 :
FIRST CORRECTIONAL MEDICAL,      :
CORRECTIONAL MEDICAL SERVICES,   :
and DR. NIAZ,                    :
                                 :
        Defendants.              :

**O R D E R**

At Wilmington this ⟨20⟩ day of October, 2006;

Plaintiff Michael Lee Rose, an inmate at the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se.

Now before the Court is Plaintiff's Motion for Appointment of Counsel. (D.I. 13.) Plaintiff seeks appointed counsel on the bases that he is unable to afford counsel, imprisonment impedes his ability to litigate the case, the issues in the case are complex, he has a limited knowledge of the law, and because the case will likely involve conflicting testimony counsel will better enable Plaintiff to present his case.

The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the Court's discretion to seek representation by counsel for Plaintiff, but this effort is made only "upon a showing of

special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

In the present case, Plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, this case is in its

-2-

early stages and not all parties have been served or entered their appearance.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (D.I. 13) is **DENIED** without prejudice.

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE

-3-