IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 06-370-JJF |
| ) | |
| D.O.C. COMMISSIONER STAN TAYLOR, ) | |
| First Correctional Medical, Correctional ) | |
| Medical Services, Dr. Niaz ) | TRIAL BY JURY |
| ) | OF TWELVE DEMANDED |
| Defendants. ) | |
| ) | |

MEMORANDUM OF POINTS AND AUTHORITIES OF
MUHAMMED A. NIAZ, IN SUPPORT
OF HIS MOTION TO DISMISS

I.   STATEMENT OF FACTS AND PROCEDURAL POSTURE

Correctional Medical Services, Inc. ("CMS") is a private corporation that has contracted with the State of Delaware to provide medical services in Delaware prisons beginning on July 1, 2005.[1]  Muhammed A. Niaz is a duly licensed physician in the State of Delaware.  The inmate drafted this Complaint on May 30, 2006 and this lawsuit was filed on June 5, 2006.  Specifically, according to the Complaint, plaintiff asserts:

> I was locked up in [November] 2001 I let First Correctional medical know I had hepatitis C and ned [sic] medical help.  They refused.  While at Gander Hill I was put in the hole, than [sic] later taken to the hospital liver shut down.  The nurse in charge send me to hospital.  [H]e stated I would have died in 24 hours.  I spent 3 days came back, never to receive any help I needed. I came to DCC 2004 I ask every dr. there for help. I was refused. Later I all most [sic] died, then Dr. Niaz told me I had 6 months to live I was told by the Grievance Bord [sic] I was a waste of tax payers money being refused treatment led to cirrhosis of the liver.[2]

---

[1] Prior to July 1, 2005, CMS had contracted with the State of Delaware to provide medical care from July 1, 2000 until June 30, 2002.

[2] D.I. 2 at § IV "Statement of Claim."

Under Section II of the same Complaint, identification of Defendants, the inmate writes, "I came to DCC in 2004. Refused medical treatment now has 6 months to 1 year. Refused by Dr. Niaz Correctional Medical Services."

This is Dr. Niaz's Memorandum of Points and Authorities in Support of his Motion to Dismiss Plaintiff's Claims.

## II.   STANDARD OF REVIEW

A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.[3]  A complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests."[4]  Specifically, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.[5]  Additionally, even a *pro se* litigant must plead sufficient facts to sustain a legal claim.[6]

A motion to dismiss for failure to state a claim upon which relief can be granted should be awarded in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7]  However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."[8]

---

[3] Fed. R. Civ. P. 12 (b)(6).
[4] *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[5] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)(*citing Boykins v. Ambridge Area Scholl District*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).
[6] See *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).
[7] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[8] *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 6 (3d Cir. 1997)(*citing In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)(*quoting Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)); *citing* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1997) (noting that courts, when examining 12(b)(6) motions, have rejected "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations"); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (affirming dismissal of § 1983 action and noting that "while the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

A defendant in a civil rights action must have personal involvement in the alleged wrongs.[9] Personal involvement is shown through allegations of personal direction or of actual knowledge and acquiescence of an employee's actions by someone of authority within a corporation.[10] Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.[11] Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff.[12]

An affirmative defense, such as the failure to exhaust administrative remedies, is appropriately considered on a Rule 12(b)(6) motion if it presents an "insuperable barrier to recovery by the plaintiff."[13]

### III.  LEGAL ARGUMENTS

#### A.  Plaintiff's Claims Against Muhammed A. Niaz Are Barred By The Statute Of Limitations

The statute of limitations applicable to suits brought under 42 U.S.C. §1983 are determined by each state, and, for this purpose, §1983 actions should be characterized as personal injury actions.[14] In Delaware, the statute of limitations to be applied in §1983 actions is the two-year limitation period set forth in § 8119.[15]

---

[9] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted)
[10] *Id.*
[11] *Id.* (emphasis supplied).
[12] *Smaple v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989; *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Correctional Institute for Women*, 128 Fed.Appx. 240 (3d Cir. 2005).
[13] *Ray v. Kertes*, 285 F.3d 287, 295, n. 8 (3d Cir. 2002)(quoting *Flight Systems Inc. v. Electric Data Systems Corp.*, 112 F.3d 124, 127 (3d Cir. 1997)( "an affirmative defense ... is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff.").
[14] *Wilson v. Garcia*, 471 U.S. 261 (1985).
[15] *McDowell v. Delaware State Police,* 88 F.3d 188, 190 (3d Cir. 1996);  *Carr v. Town of Dewey Beach,* 730 F. Supp. 591 (D. Del. 1990); *Marker v. Talley,* 502 A.2d 972 (Del. Super. Ct. 1985). 10 *Del. C.* § 8119 states, in pertinent part,
> No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained….

Plaintiff's 42 U.S.C. § 1983 claims, to the extent that they can be construed as against Dr. Niaz, and to the extent the claims reference care and treatment by Dr. Niaz that occurred more than two years prior to June 6, 2006, the date of the filing of plaintiff's Complaint, these claims are barred by the applicable two-year statute of limitations, 10 *Del. C.* § 8119. Therefore, claims of constitutional violation occurring prior to June 6, 2004, against Dr. Niaz, must be dismissed with prejudice.

### B.      Plaintiff Fails To State A Claim For A Constitutional Violation Against Dr. Niaz

In an Eighth Amendment violation for failure to provide adequate medical treatment to a prisoner, an act of a prison official becomes a constitutional violation only when it results from the "deliberate indifference to a prisoner's serious illness or injury."[16] Thus, *Estelle* requires plaintiffs to satisfy a two-prong test in order to impose liability under § 1983:   i) deliberate indifference on the part of prison officials; and ii)  the prisoner's medical needs must be serious.[17]  However, the *Estelle* Court has also clarified the standard in that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. [18]

The seriousness of a medical need may be demonstrated by showing that the need is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay

---

[16] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[17] *Id.*
[18] *Id.* at 105-06(citations omitted)(emphasis supplied).

person would easily recognize the necessity for a doctor's attention.'"[19] The acts complained of must be accompanied by a "reckless disregard" of or "actual intent" to disregard a serious medical condition.[20] Thus, a defendant's conduct does not constitute a "deliberate indifference" unless it is alleged to occur in conjunction with the requisite mental state.

Plaintiff fails to allege "deliberate indifference to his serious illness or injury" by Dr. Niaz. Under plaintiff's Statement of Claim, the inmate asserts, "I came to DCC 2004 I ask every dr. there for help. I was refused. Later I all most [sic] died, then Dr. Niaz told me I had 6 months to live I was told by the Grievance Bord [sic] I was a waste of tax payers money being refused treatment led to cirrhosis of the liver." Even assuming, *arguendo*, that the inmate has identified a "serious medical need" in his Complaint[21], the Statement of Claim fails to identify *any* conduct by Dr. Niaz that rises to the level of a constitutional violation, nor does he identify a specific time when these constitutional violations occurred, and, finally, there is no mention of the person or persons responsible for any alleged refusal of medical treatment. At best, and assuming its accuracy, the only conduct attributed to Dr. Niaz is giving the inmate a prognosis. Such a contention does not state a claim for a constitutional violation against Dr. Niaz.

Under Section II of the same Complaint, identification of Defendants, the inmate writes, "I came to DCC in 2004. Refused medical treatment now has 6 months to 1 year. Refused by Dr. Niaz Correctional Medical Services." Such an allegation against Dr. Niaz is, at best, a bald assertion and/or legal conclusion. The inmate fails to identify the manner or conduct that constituted Dr. Niaz's alleged refusal, nor does the inmate specify the time frame when Dr. Niaz "refused" the inmate, nor does the inmate allege the "medical treatment" he was "refused." This Court should reject this allegation as a "legal conclusion," an "unsupported conclusion," an

---

[19] *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)(quoting *Pace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J. 1979)).
[20] *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).
[21] Dr. Niaz points out that the inmate fails to identify symptomology that required medical treatment.

"unwarranted inference," an "unwarranted deductions," or a "sweeping legal conclusion cast in the form of factual allegation."

More importantly, Dr. Niaz is entitled to fair notice of what plaintiff's claim is and the grounds upon which it rests. This *pro se* litigant has failed to plead sufficient facts to sustain a legal claim. A bald assertion or legal conclusion is insufficient to survive a Motion to Dismiss. From a substantive perspective, Dr. Niaz is entitled to dismissal of the claim against him. Additionally, Dr. Niaz is entitled to dismissal of the claim against him based upon the inmate's failure to exhaust his administrative remedies prior to filing this lawsuit.

### C. Plaintiff's Complaint Against Dr. Niaz Must Be Dismissed Pursuant To Fed. Ct. Civ. R. 12 (b)(6) Because The Plaintiff Has Failed To Exhaust Administrative Remedies.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law."[22] "The doctrine provides 'that *no one is entitled to judicial relief* for a supposed or threatened injury *until the prescribed administrative remedy has been exhausted.*'"[23]

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law.[24] Specifically, the PLRA states that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[25]

The Supreme Court has provided further guidance on the application of the PLRA. Specifically, the language of the statute "*necessarily means that, if the party never pursues all*

---

[22] *McKart v. United States*, 395 U.S. 185, 193 (1969).
[23] *Id.* (emphasis supplied)(quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)).
[24] *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).
[25] 42 USCS § 1997e(a)

*available avenues of administrative review, the person will never be able to sue in federal court*."[26]

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[27] "Prison conditions" have been defined to include the nature of the services provided therein.[28] Furthermore, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."[29]

The PLRA mandates that inmates *properly* exhaust administrative remedies before filing suit in federal court.[30] "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[31] *Prisoners must exhaust administrative remedies before submitting any papers to the federal courts.*[32] Further, the Third Circuit has held that a lawsuit is properly dismissed where an inmate exhausts administrative remedies *after* filing a federal court action.[33]

The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance.[34] An inmate must file a grievance with the Inmate Grievance Chairperson ("IGC") who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee ("MGC") to conduct a hearing. If the decision of the MGC does not satisfy the inmate, the inmate may complete a MGC Appeal Statement

---

[26] *Woodford*, 126 S.Ct. at 2391(emphasis supplied).
[27] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[28] *Booth,* 206 F.3d at 291.
[29] *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).
[30] *Woodford,* 126 S.Ct. at 2387 (emphasis supplied).
[31] *Id.* at 2386.
[32] *Vaden v. Summerhill*, 449 F.3d 1047, 1048, 1051 (9th Cir, 2006); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).
[33] *Oriaki v. United States*, 165 Fed. Appx. 991 (3d Cir. 2006).
[34] *Frink v. Williams*, 2005 U.S. Dist. LEXIS 21043 (D.Del. 2005).

which is then submitted to the Bureau Grievance Officer ("BGO").[35] The BGO will recommend a course of action to the Bureau Chief of Prisons, who renders the final decision.[36]

Plaintiff complains of prison conditions, which under 42 U.S.C. §1997e (a) requires him to exhaust the administrative remedies available to him. In addition to the Complaint, the inmate has filed documentation of the grievance procedure that he has undergone. D.I. 7. However, this documentation demonstrates that, in fact, the grievance procedure was not exhausted as required by federal law. Specifically, the paperwork submitted by the inmate indicates that the second procedural step was completed. Specifically, *the Medical Grievance Committee conducted a hearing on May 23, 2006.* Thus, the next procedural step in the grievance procedure that should have been completed by the inmate is a MGC Appeal Statement, which then would have been submitted to the BGO. However, this *Complaint was drafted no less than one week later*, on May 30, 2006, and filed with this Court on June 6, 2006.

As demonstrated by the inmate's own documentation in this case, the BGO could never have had an opportunity to recommend a course of action to the Bureau Chief of Prisons, who would have rendered the final decision on the grievance. The timing of plaintiff's Complaint, coupled with plaintiff's own grievance documentation, provides the "insuperable barrier" to the plaintiff's recovery in this case. This Complaint must be dismissed for failure to properly exhaust administrative remedies as required by federal law.

### IV.     CONCLUSION

Based upon the foregoing, all claims against Defendant, Muhammed A. Niaz, should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted. Accordingly, Defendant, Muhammed A. Niaz, respectfully requests that the Motion to Dismiss filed contemporaneously herewith be granted, with prejudice.

---

[35] *Id.*
[36] *Id.*

       MARSHALL, DENNEHEY, WARNER,
       COLEMAN & GOGGIN


BY: */s/ Lorenza A. Wohar*
   LORENZA A. WOLHAR, ESQ. (I.D. #3971)
   1220 North Market Street, 5th Fl.
   P.O. Box 8888
   Wilmington, DE 19899-8888
   Attorneys for Defendant, Muhammed A. Niaz


DATED: November 7, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL LEE ROSE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-370-JJF |
| | ) | |
| **D.O.C. COMMISSIONER STAN TAYLOR,** | ) | |
| First Correctional Medical, Correctional | ) | |
| Medical Services, Dr. Niaz | ) | **TRIAL BY JURY** |
| | ) | **OF TWELVE DEMANDED** |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2006, I electronically filed the Memorandum of Points and Authorities of Muhammed A. Niaz, in Support of his Motion to Dismiss with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

      I hereby certify that on November 7, 2006, I [will] have mailed by United States Postal Service, the Memorandum of Points and Authorities of Muhammed A. Niaz, in Support of his Motion to Dismiss to the following non-registered participant:

Michael Lee Rose
SBI# 097880
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN

              BY:   */s/ Lorenza A. Wohar*
                      LORENZA A. WOLHAR, ESQUIRE (DE I.D. #3971)
                      1220 North Market Street, 5th Fl.
                      P.O. Box 8888
                      Wilmington, DE 19899-8888
                      (302) 552-4300
                      Attorneys for Defendant, Muhammed A. Niaz