IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-370-JJF |
| ) | |
| D.O.C. COMMISSIONER STAN TAYLOR, ) | |
| First Correctional Medical, Correctional Medical ) | |
| Services, Dr. Niaz ) | TRIAL BY JURY |
| ) | OF TWELVE DEMANDED |
| Defendants. ) | |
| ) | |

**REPLY MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES AND DR. NIAZ, IN RESPONSE TO PLAINTIFF'S ANSWER BRIEF IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS[1]**

1. In his Answer, the inmate admits the grievance procedure was not exhausted as required by federal law. Specifically, the inmate states he "went to the second phase [of the grievance procedure]…the Board sent me back to Dr. Niaz…I had no where else to go, but to Court." The next, or third, "phase" in the grievance procedure that should have been completed by the inmate is a MGC Appeal Statement, which then would have been submitted to the BGO. Therefore, contrary to the inmate's assertions, in fact, the inmate did have somewhere "else to go". Plaintiff's own admission provides the "insuperable barrier" to the plaintiff's recovery in this case.

2. 42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. At the time this

---

[1] The Defendants waive their right to file a Reply Brief and submit this Motion in lieu thereof pursuant to Local Rule 7.1.2.

action was filed, procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, and not even sought by the plaintiff, thereby obviating any opportunity to discover and correct any alleged mistakes and wasting judicial resources. This Complaint must be dismissed against all Defendants for failure to properly exhaust administrative remedies, as required by federal law.

3. Plaintiff attaches "affidavits" from other individuals to his Answer Brief. From a procedural standpoint, these documents constitute nothing more than unsworn, inadmissible hearsay. From a substantive standpoint, these "affidavits" were not filed with the Complaint, which is the subject of Defendants Motions to Dismiss, nor do these statements have any relevance to the allegations contained in plaintiff's Complaint. Defendants request that these "affidavits" be stricken from the record.

4. Plaintiff fails to address Defendants' statute of limitation arguments. Specifically, that plaintiff's 42 U.S.C. § 1983 claims, to the extent the Complaint references care and treatment that occurred more than two years prior to June 6, 2006, the date of the filing of plaintiff's Complaint, are barred by the applicable two-year statute of limitations, 10 *Del. C.* § 8119. Defendants are entitled to dismissal of claims of constitutional violation which are alleged to have occurred prior to June 6, 2004.

5. A motion to dismiss for failure to state a claim upon which relief can be granted should be granted in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2] On the facts presented by the plaintiff in his Complaint, and his Answer, plaintiff's claims against Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted.

---

[2] *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

WHEREFORE, Defendants, Correctional Medical Services and Dr. Niaz, move this Honorable Court to dismiss, with prejudice, all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

        MARSHALL, DENNEHEY, WARNER,
          COLEMAN AND GOGGIN

BY:   /s/ *Lorenza A. Wolhar*
       KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
       LORENZA A. WOLHAR, (DE ID # 3971)
       1220 N. Market Street, 5th Floor
       P.O. Box 8888
       Wilmington, DE  19899-8888
       (302) 552-4302
       Attorneys for Defendants,
       Correctional Medical Services and Dr. Niaz

DATED: <u>November 30, 2006</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D.O.C. COMMISSIONER STAN TAYLOR, )<br>First Correctional Medical, Correctional Medical )<br>Services, Dr. Niaz )<br>)<br>Defendants. )<br>) | Civil Action No. 06-370-JJF<br><br>TRIAL BY JURY<br>OF TWELVE DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the Reply Motion of Defendant, Correctional Medical Services and Dr. Niaz, in Response to Plaintiff's Answer Brief in Support of Defendants Motions to Dismiss with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

I hereby certify that on November 30, 2006, I have mailed by United States Postal Service, the Reply Motion of Defendant, Correctional Medical Services and Dr. Niaz, in Response to Plaintiff's Answer Brief in Support of Defendants Motions to Dismiss to the following non-registered participant:

Michael Lee Rose
SBI# 097880
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

         MARSHALL, DENNEHEY, WARNER,
         COLEMAN & GOGGIN

BY:   */s/ Lorenza A. Wolhar*
         KEVIN J. CONNORS, ESQUIRE (DE I.D. #2135)
         LORENZA A. WOLHAR, ESQUIRE (DE I.D. #3971)
         1220 North Market Street, 5th Fl.
         P.O. Box 8888
         Wilmington, DE 19899-8888
         (302) 552-4300
         Attorneys for Defendants,
         Correctional Medical Services and Dr. Niaz