# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE<br>DELAWARE CORRECTIONAL CENTER<br>SMYRNA, DE 19977,<br><br>    Plaintiff,<br><br>    v.<br><br>STAN TAYLOR, D.O.C. COMMISSIONER,<br>FIRST CORRECTIONAL MEDICAL,<br>CORRECTIONAL MEDICAL SERVICES,<br><br>    Defendant. | C.A. No. 06-370 (JJF)<br><br>TRIAL BY JURY OF TWELVE<br>DEMANDED |

## DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
## GENERAL OBJECTIONS

1. Defendants, Correctional Medical Services, Inc. and Dr. Muhammed A Niaz, make the following General Objections ("General Objections") to the Plaintiff's Interrogatories Directed to Defendants, ("Interrogatories"). These General Objections apply to and form a part of the response to each and every Interrogatory and are set forth herein to avoid duplication and repetition of restating them for each response.

2. Defendants object to each Interrogatory to the extent that it seeks to impose an obligation or burden on Defendants beyond that required by F.R.C.P. 26. Defendant will respond to each Request to the extent required by applicable rules.

3. Defendants object to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

4. Defendants object to each Interrogatory to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendants object to each Interrogatory where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

5. Defendants object to each Interrogatory to the extent that it seeks information that is not within the personal knowledge of defendant, or that may be outside the time period relevant to the subject matter of this lawsuit.

6.    Defendants object to each Interrogatory to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

7.    Defendants object to each Interrogatory to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendants to incur any unnecessary expense.

8.    Defendants object to each Interrogatory to the extent that it is vague and/or ambiguous.

## PRESERVATION OF RIGHTS

1.    All responses to these Interrogatories are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

2.    All questions as to competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

3.    The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

4.    The right to object on any grounds at any time to a demand for further responses to these Interrogatories or other discovery proceedings involving or relating to the subject matter of the Interrogatories and objections set forth herein answered; and

5.    The right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

Defendants incorporate the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

## INTERROGATORIES

1.    Was I diagnosed with Hepatitis C?

ANSWER:

Objection.  This interrogatory is overly broad and vague, and calls for an expert opinion. Notwithstanding these objections, and subject to them, the medical records of Michael Lee Rose to be provided.

2.    Do I now have Cirrhosis of the liver?

ANSWER:

Objection. This interrogatory is overly broad and vague, and calls for an expert opinion. Notwithstanding these objections, and subject to them, the medical records of Michael Lee Rose to be provided.

3. Why have I not received treatment yet?

ANSWER:

Objection. This interrogatory is overly broad and vague, and calls for an expert opinion. Notwithstanding these objections, and subject to them, the medical records of Michael Lee Rose to be provided.

4. Is this disease fatal?

ANSWER:

Objection. This interrogatory is overly broad and vague, and calls for an expert opinion. Notwithstanding these objections, and subject to them, the medical records of Michael Lee Rose to be provided.

5. Was I in St. Francis and or Kent General Hospital in September 2005, and for what?

ANSWER:

Objection. This interrogatory is overly broad and vague, and calls for an expert opinion. Notwithstanding these objections, and subject to them, the medical records of Michael Lee Rose to be provided.

6. How long did I stay at St. Francis and Kent General Hospital and for what in September 2005?

ANSWER:

Objection. This interrogatory is overly broad and vague, and calls for an expert opinion. Notwithstanding these objections, and subject to them, the medical records of Michael Lee Rose to be provided.

7. Why did the prison Medical Grievance Board state that to give me medical treatment would be a waste of tax payers money?

ANSWER:

This Interrogatory does not appear to be directed to Answering Defendants, thus, no response required.

8. Did I almost die while I was at St. Francis Hospital and before I was taken there?

ANSWER:

Objection. This interrogatory is overly broad and vague, and calls for an expert opinion.

9. While at Kent General Hospital I was taken when the doctor's stated I was not ready yet back to the prison infirmary; I laid in bed and could not walk my body was filled with fluid only to be taken to St. Francis five (5) days later. Who was the (person) that had me removed from Kent General Hospital?

ANSWER:

Objection. This Interrogatory is overly broad, unduly burdensome, confusing, vague and irrelevant. Notwithstanding these objections, and subject to them, medical records of Michael Lee Rose to be provided.

10. On March 10th, 2007; (3/10/07) why did Dr. McDonnal state to treat me now would kill me?

ANSWER:

Objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Notwithstanding these objections, and subject to them, medical records of Michael Lee Rose to be provided.

11. Identify any and all documents relating to the prison medical center admission policies and procedures.

ANSWER:

Objection. This Interrogatory is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

12. Identify any and all documents relating to the prison medical procedures on Hepatitis C and Cirrhosis of the liver.

ANSWER:

Objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and/or proprietary information.

13. How long was I given to live by Dr. Niaz?

ANSWER:

Objection. This interrogatory is overly broad and vague. Notwithstanding these objections, and subject to them, medical records of Michael Lee Rose to be provided.

14. Why did Dr. Niaz state I was too far gone to treat my lungs and anything else regarding my body and health?

ANSWER:

Objection. This interrogatory is overly broad and vague, and assumes facts not in evidence. Notwithstanding these objections, and subject to them, medical records of Michael Lee Rose to be provided.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*/s/ Lorenza Wolhar*
LORENZA A. WOLHAR, ESQUIRE (I.D. #3971)
1220 MARKET STREET, 5TH FLR.
P.O. BOX 8888
WILMINGTON, DE 19899-8888
(302) 552-4318
Email: lawolhar@mdwcg.com
Attorney for Defendants Correctional Medical Services, Inc. and Dr. Muhammed A. Niaz

Dated: May 30, 2007

CERTIFICATE OF SERVICE

     I hereby certify that I have electronically filed Answers of Defendants, Correctional Medical Services, Inc. and Dr. Muhammed A Niaz, to Plaintiff's First Set of Interrogatories, along with this Notice and Certificate of Service, and mailed the same to the following nonregistered participant:

Michael Lee Rose
SBI# 097880
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

/s/Lorenza A. Wolhar
LORENZA A. WOLHAR, ESQUIRE (I.D. #3971)
1220 MARKET STREET, 5TH FLR.
P.O. BOX 8888
WILMINGTON, DE 19899-8888
(302) 552-4318
Email: lawolhar@mdwcg.com
Attorney for Defendants Correctional Medical Services, Inc. and Dr. Muhammad A. Niaz

Dated: May 30, 2007