# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE<br>DELAWARE CORRECTIONAL CENTER<br>SMYRNA, DE 19977,<br><br>              Plaintiff,<br><br>       v.<br><br>STAN TAYLOR, D.O.C. COMMISSIONER,<br>FIRST CORRECTIONAL MEDICAL,<br>CORRECTIONAL MEDICAL SERVICES,<br><br>              Defendant. | C.A. No. 06-370 (JJF)<br><br>TRIAL BY JURY OF TWELVE<br>DEMANDED |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

      1.      Defendants, Correctional Medical Services, Inc. and Dr. Niaz, make the following General Objections ("General Objections") to the Plaintiffs' Request for Production of Documents Directed To Defendants ("Request"). These General Objections apply to and form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response.

      2.      Defendants object to each Request to the extent that it seeks to impose an obligation or burden on Defendants beyond that required by F.R.C.P. 26. Defendants will respond to each Request to the extent required by applicable rules.

      3.      Defendants object to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

      4.      Defendants object to each Request to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendants object to each Request where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

5.      Defendants object to each Request to the extent that it seeks information that is not within the personal knowledge of defendants, or that may be outside the time period relevant to the subject matter of this lawsuit.

6.      Defendants object to each Request to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

7.      Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendants to incur any unnecessary expense.

8.      Defendants object to each Request to the extent that it is vague and/or ambiguous.

## **RESERVATION OF RIGHTS**

1.      All responses to these Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

2.      All questions as to competency, relevancy, materiality, privilege, and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

3.      The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

4.      The right to object on any grounds at any time to a demand for further responses to these Requests or other discovery proceedings involving or relating to the subject matter of the Requests and objections set forth herein answered; and

5.      The right at any time to revise, correct, supplement, clarify, and/or amend the responses and objections set forth herein.

Defendants incorporates the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

## **RESPONSES**

1.      All written statements, originals or copies of the incidents on August 15-18, 2003; and two more incidents in September 2005; relating to health and hospital matters.

RESPONSE:

Objection. This Request is overly broad, unduly burdensome, confusing, and vague.

2.      Any and all medical records of the Plaintiff from the time of his incarceration in Gander Hill and Delaware Correctional Center through and including the date of your response to this request.

RESPONSE:

To be provided.

    3.    Any and all rules, regulations, and policies of the Delaware Correctional Center policies for the treatment of Hepatitis C.

RESPONSE:

Objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and/or proprietary information.

                              **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                              */s/ Lorenza Wolhar*
                              LORENZA A. WOLHAR, ESQUIRE (I.D. #3971)
                              1220 MARKET STREET, 5TH FLR.
                              P.O. BOX 8888
                              WILMINGTON, DE 19899-8888
                              (302) 552-4318
                              Email: lawolhar@mdwcg.com
                              Attorney for Defendants Correctional Medical Services, Inc. and Dr. Muhammed A. Niaz

Dated: May 30, 2007

CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed Answers of Defendants, Correctional Medical Services, Inc. and Dr. Muhammed A Niaz, to Plaintiff's First Request for Production of Documents, along with this Notice and Certificate of Service, and mailed the same to the following nonregistered participant:

Michael Lee Rose
SBI# 097880
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                              **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                              /s/Lorenza A. Wolhar
LORENZA A. WOLHAR, ESQUIRE (I.D. #3971)
1220 MARKET STREET, 5TH FLR.
P.O. BOX 8888
WILMINGTON, DE 19899-8888
(302) 552-4318
Email: lawolhar@mdwcg.com
Attorney for Defendants Correctional Medical Services, Inc. and Dr. Muhammad A. Niaz

Dated: May 30, 2007