IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D.O.C. COMMISSIONER STAN TAYLOR, )<br>First Correctional Medical, Correctional Medical )<br>Services, Dr. Niaz )<br>)<br>Defendants. )<br>) | Civil Action No. 06-370-JJF<br><br>TRIAL BY JURY<br>DEMANDED |

**DEFENDANT MUHAMMED A. NIAZ'S RESPONSES TO THE PLAINTIFF'S
REQUEST FOR ADMISSIONS**

1. Admit on a number of occasions Mr. Rose discusses his medical problems with Dr. Niaz.

**RESPONSE:** Objection. This Request is vague and ambiguous as it does not specify the "medical problems", nor the time frame to which this Request refers. Moreover, the information sought in this Request is readily available elsewhere.

2. Admit while Mr. Rose was at St. Francis Hospital in Wilmington, Delaware you Dr. Niaz stated that you no longer worked for the Delaware Correctional Center.

**RESPONSE:** Objection. This Request is vague, ambiguous and irrelevant. Moreover, this Request does not specify the time frame to which it refers. Notwithstanding these objections, and subject to them, as of November 2006, Dr. Niaz no longer worked at Delaware Correctional Center.

3. Admit that you Dr. Niaz stated that you worked for St. Francis Hospital.

**RESPONSE:** Objection. This Request is vague, ambiguous and irrelevant. Moreover, this Request does not specify the time frame to which it refers. Nothwithstanding these objections, and subject to them, denied.

4. Admit that you Dr. Niaz were my physician at that time.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request does not specify the time frame to which it refers. Notwithstanding these objections, and subject to them, denied.

5. Admit that you Dr. Niaz stated that something was found on my lung and Mr. Rose asked what was going to be done about that. You Dr. Niaz stated nothing I was too far gone.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request does not specify the time frame to which it refers.

6. Admit Dr. Niaz that you stated I had six (6) months to one (1) year to live.

**RESPONSE:** Objection. This Request is vague and ambiguous.

7. Admit Dr. Niaz after I was released back to the care of D.C.C. you were there and I asked for your help again and again you did nothing.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request does not specify the time frame to which it refers. Notwithstanding these objections, and subject to them, denied.

8. Admit Dr. Niaz that not long after this incident with Mr. Rose you left D.C.C.

**RESPONSE:** Objection. This Request is vague, ambiguous and irrelevant as it does not specify the "incident", nor the time frame to which this Request refers. Notwithstanding these

objections, and subject to them, as of November 2006, Dr. Niaz no longer worked at Delaware Correctional Center.

9. Admit Dr. Niaz that you refused to help Mr. Rose's serious medical condition and you wrote him off and moved on.

**RESPONSE:** Objection. This Request is vague and ambiguous in that it does not specify the "serious medical condition". Notwithstanding these objections, and subject to them, denied.

10. Admit you Dr. Niaz know how serious Hepatitis C is, how painful and mentally debilitating this disease can be especially when it is left untreated.

**RESPONSE:** Admitted in part; denied in part. It is denied that Hepatitis C is a definitively painful and mentally debilitating disease.

11. Admit Dr. Niaz that you are working under the color of the state.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request does not specify the time frame to which it refers.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: /s/ Kevin J. Connors
KEVIN J. CONNORS, ESQUIRE (DE I.D. #2135)
1220 North Market Street
P.O. Box 888
Wilmington, DE 19899-8888
(302) 552-4302
Attorneys for Muhammed A. Niaz

DATED: December 18, 2007

15/545040.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-370-JJF |
| ) | |
| D.O.C. COMMISSIONER STAN TAYLOR, ) | |
| First Correctional Medical, Correctional Medical ) | |
| Services, Dr. Niaz ) | TRIAL BY JURY |
| ) | DEMANDED |
| Defendants. ) | |
| ) | |

**NOTICE OF SERVICE**

     I hereby certify that on December 18, 2007, I electronically filed DEFENDANT MUHAMMED A. NIAZ'S RESPONSES TO THE PLAINTIFF'S REQUEST FOR ADMISSIONS with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Daniel L. McKenty, Esquire
Heckler & Frabizzio
P.O. Box 128
Wilmington, DE 19899

     I hereby certify that on December 18, 2007, I have mailed by United States Postal Service, DEFENDANT MUHAMMED A. NIAZ'S RESPONSES TO THE PLAINTIFF'S REQUEST FOR ADMISSIONS to the following non-registered participant:

Michael Lee Rose
SBI# 097880
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

        BY: _/s/ Kevin J. Connors_
        KEVIN J. CONNORS, ESQUIRE (DE I.D. #2135)
        1220 North Market Street
        P.O. Box 8888
        Wilmington, DE 19899-8888
        (302) 552-4302
        Attorneys for Muhammed A. Niaz

DATED:  December 18, 2007
15/565324.v1