IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>D.O.C. COMMISSIONER STAN TAYLOR, )<br>First Correctional Medical, Correctional Medical )<br>Services, Dr. Niaz )<br>)<br>  Defendants. ) | Civil Action No. 06-370-JJF<br><br><br>TRIAL BY JURY<br>DEMANDED |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES' RESPONSES TO
PLAINTIFF'S REQUEST FOR ADMISSIONS**

1.     Admit Dr. Alie, Dr. Dorsh, Dr. Niaz, Dr. Rogers, Dr. Vandusen, Dr. Mc Donall and Medical Grievance all were aware of my serious medical condition.

**RESPONSE:** Objection.  This Request is vague and ambiguous as it does not specify the "serious medical condition."

2.     Admit while contracted for the Delaware Correction system from Medical Services C.M.S. did not provide treatment for my serious medical problems.

**RESPONSE:** Objection.  This Request is vague and ambiguous as it does not specify the "serious medical problems."  Notwithstanding these objections, and subject to them, denied.

3.     Admit while being medical provider in 2001 until 2002 for Delaware Correctional system then again from July 1st, 2005 until now real time the Defendant has brought upon me unnecessary and wanton infliction of pain and a state of mental disarray and anguish.

**RESPONSE:** Objection.  This Request is vague and ambiguous.  Notwithstanding these objections, and subject to them, denied.

4. Admit Rose was refused medical drugs for Hepatitis C that other inmates were given such as interferon and other drugs.

**RESPONSE:** Objection. This Request is vague and ambiguous. Notwithstanding these objections, and subject to them, denied.

5. Admit Rose was taken from Kent County Hospital before recovery in September 2005.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request calls for an expert opinion. Notwithstanding these objections, and subject to them, denied.

6. Admit Rose was kept in the infirmary until he almost died. Then Captain Henry had Mr. Rose sent to St. Francis Hospital in Wilmington, Delaware; September 2005.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request calls for an expert opinion. Notwithstanding these objections, and subject to them, denied.

7. Admit that not being treated for this serious disease has lead to a liver transplant or death.

**RESPONSE:** Objection. This Request is vague and ambiguous as it does not specify the "serious disease". Moreover, this Request calls for an expert opinion. Notwithstanding these objections, and subject to them, denied.

8. Admit Defendants and doctors are qualified to make a diagnosis of Hepatitis C and other medical problems.

**RESPONSE:** Objection. This Request is vague and ambiguous as it does not identify doctors.

9. Admit it does not take an expert opinion to give a medical diagnosis.

**RESPONSE:** Objection. This Request is vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10. Admit C.M.S. is refusing a Gall Blatter operation that was ordered by both Dr. Mc Donall and Dr. Vandusen to help my liver condition.

**RESPONSE:** Denied.

11. Admit C.M.S. knew and still has knowledge that Mr. Rose is in constant and excruciating pain.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request calls for an expert opinion. Notwithstanding these objections, and subject to them, denied.

12. Admit C.M.S. knew Mr. Rose has lost ¾ of my skin pigment and failed to act on said disorder caused by my liver.

**RESPONSE:** Objection. This Request is vague and ambiguous. Moreover, this Request calls for an expert opinion. Notwithstanding these objections, and subject to them, denied.

13. Admit this is not an isolated incident.

**RESPONSE:** Objection. This Request is vague and ambiguous as it does not specify what plaintiff means by the terms "this" and "isolated incident".

14. Admit The Medical Grievance Board at the Delaware Correctional Center did or is still currently work for C.M.S. except for the correctional officers that are at the hearings.

**RESPONSE:** Objection. This Request is vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

15. Admit the Defendants C.M.S. has been brought before the courts a numbers of times for deliberate indifference.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

16. Admit C.M.S. does not work under the color of the state.

**RESPONSE:**  Objection.  This Request is vague.  Without waiving and subject to this objection, Correctional Medical Services, Inc. ("CMS") states that it is a private corporation that has contracted with the State of Delaware to provide medical services in Delaware prisons beginning on July 1, 2005.[1]

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:  /s/ Kevin J. Connors
KEVIN J. CONNORS, ESQUIRE (DE I.D. #2135)
1220 North Market Street
P.O. Box 888
Wilmington, DE 19899-8888
(302) 552-4302
Attorneys for Correctional Medical Services, Inc.

DATED:  December 18, 2007

15/545005.v1

---

[1] Prior to July 1, 2005, CMS had contracted with the State of Delaware to provide medical care from July 1, 2000 until June 30, 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-370-JJF |
| ) | |
| D.O.C. COMMISSIONER STAN TAYLOR, ) | |
| First Correctional Medical, Correctional Medical ) | |
| Services, Dr. Niaz ) | TRIAL BY JURY |
| ) | DEMANDED |
| Defendants. ) | |
| ) | |

## NOTICE OF SERVICE

     I hereby certify that on December 18, 2007, I electronically filed DEFENDANT CORRECTIONAL MEDICAL SERVICES' RESPONSES TO THE PLAINTIFF'S REQUEST FOR ADMISSIONS with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Daniel L. McKenty, Esquire
Heckler & Frabizzio
P.O. Box 128
Wilmington, DE 19899

     I hereby certify that on December 18, 2007, I have mailed by United States Postal Service, DEFENDANT CORRECTIONAL MEDICAL SERVICES' RESPONSES TO THE PLAINTIFF'S REQUEST FOR ADMISSIONS to the following non-registered participant:

Michael Lee Rose
SBI# 097880
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: */s/ Kevin J. Connors*
KEVIN J. CONNORS, ESQUIRE (DE I.D. #2135)
1220 North Market Street
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4302
Attorneys for Correctional Medical Services, Inc.

DATED:  December 18, 2007
15/565333.v1