IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL LEE ROSE,                   :
                                    :
        Plaintiff,                  :
                                    :
    v.                              : Civil Action No. 06-370-JJF
                                    :
STAN TAYLOR, FIRST CORRECTIONAL     :
MEDICAL, CORRECTIONAL MEDICAL       :
SERVICES, and DR. MUHAMMED NIAZ,    :
                                    :
        Defendants.                 :

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Second Motion For Appointment Of Counsel (D.I. 49). For the reasons discussed, the Motion will be denied.

**I. BACKGROUND**

Pro se Plaintiff, Michael Lee Rose ("Mr. Rose"), is currently an inmate at the Delaware Correctional Center ("D.C.C.") in Smyrna, Delaware. On June 5, 2006, Mr. Rose filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they provided him with inadequate medical care. Specifically, Mr. Rose contends that as early as November 2001, First Correctional Medical ("FCM") refused to provide medical care for his Hepatitis C. He also contends that he was refused treatment by Correctional Medical Services ("CMS") upon incarceration in D.C.C. in 2004, and more recently, was refused treatment again after Dr. Muhammed Niaz ("Dr. Niaz") reportedly told him that he had less than one year

to live. Mr. Rose contends that this refusal of treatment led to cirrhosis of his liver.

Mr. Rose's initial Motion for Appointment of Counsel was denied on July 13, 2006. On September 9, 2007, the Court granted Defendants' Motions to Dismiss for failure to state a claim, but granted Mr. Rose leave to amend his Complaint to correct the pleading deficiencies. (D.I. 34). Mr. Rose filed a Second Motion for Appointment of Counsel on November 9, 2007, contending he needs counsel because: (i) complex legal issues are involved; (ii) the case may turn on credibility determinations; (iii) he is unable to afford counsel or to present his own case; and (iv) expert witness testimony may be necessary. (D.I. 49).

## II. DISCUSSION

Indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have authority to appoint representation for any civil litigant unable to afford counsel, 28 U.S.C. § 1915(e)(1), and are afforded broad discretion in making that determination. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court's first consideration is whether the indigent plaintiff's claim appears to have "some merit in fact and law." Id. at 155 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)). If so, the Court may consider the following non-exhaustive factors in deciding whether

2

to appoint counsel:

    1. the Mr. Rose's ability to present his or her own case;
    2. the difficulty of the particular legal issues;
    3. the degree to which factual investigation will be necessary and the ability of the Mr. Rose to pursue investigation;
    4. the Mr. Rose's capacity to retain counsel on his or her own behalf;
    5. the extent to which a case is likely to turn on credibility determinations, and;
    6. whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57). In addition, the Court should consider practical constraints before appointing counsel: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation." Tabron, 6 F.3d at 157.

    The Court concludes that the appointment of counsel is not warranted at this time. The Court has recognized that Mr. Rose has a cognizable Eighth Amendment medical needs claim against Defendants. (D.I. 8). Therefore, the Court will next consider the Tabron factors. Mr. Rose appears unable to afford counsel and has been given leave to proceed in forma pauperis. However, this is the only Tabron factor weighing in favor of the appointment of counsel.

    Mr. Rose has shown he is capable of presenting coherent and

3

comprehensible arguments on his own behalf.  He successfully filed motions, made several requests for admissions and documents, and issued a set of interrogatories, thus demonstrating some legal knowledge.  In addition, while a § 1983 civil rights case alleging deliberate indifference to a prisoner's serious medical needs can raise complex legal issues, Montgomery, 294 F.3d at 502, this area of law is clear, id., and it does not appear that Mr. Rose's case is so factually complex as to necessitate the appointment of counsel.  Furthermore, despite his confinement, Mr. Rose can adequately conduct a factual investigation without the assistance of counsel.  Mr. Rose's discovery efforts have not been met with resistance from Defendants, and Defendants have responded to his interrogatories, discovery requests and requests for admissions.  Further, it does not appear that Mr. Rose will need to pursue significant investigation beyond that which he is currently capable.

Finally, Mr. Rose does assert a medical claim, but it is not yet clear whether expert medical testimony will be required.  Expert testimony is necessary to a prisoner's deliberate indifference to serious medical needs claim when the seriousness of the claimed injury would not be apparent to a lay person.  Id. at 504 (citing Boring v. Kozakiewicz, 833 F.2d 468, 473-74 (3d

Cir. 1987)).[1] Mr. Rose has not depicted why he requires an expert witness, and the record fails to demonstrate that Mr. Rose's claimed injuries would not be obvious to a lay person. The Court recognizes that issues may arise in the course of this litigation which demonstrate Mr. Rose's need for expert testimony. If that occurs, the Court will consider a Renewed Motion for Appointment of Counsel. However, at this time, the Court concludes that the overall weight of the factors do not favor appointment of counsel.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Mr. Rose's Motion For Appointment Of Counsel (D.I. 49) is **DENIED**.

February 21, 2008

_____
UNITED STATES DISTRICT JUDGE

---

[1] For example, heart disease and HIV are not apparent to a lay person, while broken legs and bullet wounds "clearly manifest themselves in ways that are obvious and ascertainable to a lay person." Montgomery, 294 F.3d at 504.

5