IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL LEE ROSE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-370-JJF |
| | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| INC., and DR. NIAZ, | : |
| | : |
| Defendants. | : |
| | : |

Laina M. Herbert, Esquire of PRICKETT, JONES & ELLIOTT, P.A.,
Wilmington, Delaware.

Attorney for Plaintiff.

Daniel A. Griffith, Esquire of WHITEFORD, TAYLOR & PRESTON,
L.L.C., Wilmington, Delaware.

Attorney for Defendants.

**MEMORANDUM OPINION**

December 15, 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is the Motion of Defendants, Correctional Medical Services and Dr. Muhammed A. Niaz, for Protective Order (D.I. 75). For the reasons discussed below, the Court will deny this motion.

## I. BACKGROUND

On June 5, 2006, Plaintiff Michael Lee Rose ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), filed the present action under 42 U.S.C. § 1983 against Correctional Medical Services, Inc. ("CMS") and Dr. Muhammed A. Niaz ("Dr. Niaz"), as well as other defendants since dismissed. Briefly, Plaintiff, who has hepatitis C, alleges that CMS and Dr. Niaz (collectively, "Defendants") violated his Eighth Amendment rights by failing to provide him with necessary care for his serious medical condition. (D.I. 2.) Plaintiff's claims against Defendants partially survived Defendants' Motions to Dismiss (D.I. 18; D.I. 21), and he was permitted to amend his complaint to correct its deficiencies. Plaintiff filed his Amended Complaint on October 29, 2007. (D.I. 43.) Defendants responded to Plaintiff's initial requests for admissions on December 18, 2007 (D.I. 53; D.I. 54), and moved to dismiss again on June 10, 2008 (D.I. 61). Plaintiff, who initially filed pro se, obtained counsel on June 16, 2008. (D.I. 65.)

On August 6, 2008, Plaintiff's counsel sent a letter to
Defendants' counsel via electronic mail and first class mail.
(D.I. 69, Ex. A.) In this letter, apparently sent in response to
Defendants' counsel's failure to send Plaintiff's counsel certain
documents that she claimed he agreed to send her, Plaintiff's
counsel describes in detail a number of interrogatories, requests
for admissions, documents, and depositions Plaintiff seeks.
(Id.) On August 11, 2008, Defendants' counsel replied, refusing
to provide any of the documents Plaintiff's counsel requested on
the ground that Plaintiff's counsel already had all she needed to
respond to Defendants' Motion to Dismiss. (Id., Ex. B.) That
same day, Plaintiff filed his Motion to Permit Limited Discovery.
Defendants never filed an answering brief opposing this Motion,
and the Court granted the Motion on September 8, 2008 ("the
September 8 Order"). (D.I. 70.) In the September 8 Order, the
Court also stayed Defendants' Motion to Dismiss pending
completion of the limited discovery Plaintiff sought. (Id.) On
September 16, 2008, Plaintiff served Defendants with his Second
Set of Requests for Admission to Defendants Correctional Medical
Services, Inc. and Dr. Niaz; Second Request for Production of
Documents to Defendants Correctional Medical Services Inc. and
Dr. Niaz; and Second Set of Interrogatories to Defendants
Correctional Medical Services, Inc. and Dr. Niaz. (D.I. 71.) On
October 7, 2008, Plaintiff served Defendants with his Third

2

Request for Production of Documents to Defendants Correctional
Medical Services, Inc. and Dr. Niaz; and Third Set of
Interrogatories to Defendants Correctional Medical Services, Inc.
and Dr. Niaz. (D.I. 74.) Defendants did not respond to any of
these requests, and on October 14, 2008, they filed the Motion
for Protective Order currently pending before the Court,
requesting that they not be required to respond to Plaintiff's
pending discovery requests until their Motion to Dismiss is
resolved.

## II. THE PARTIES' CONTENTIONS

Defendants contend that because Plaintiff's Amended
Complaint "fails to allege sufficient facts to support a
cognizable legal claim and fails to provide Defendants with fair
notice of what Plaintiff's claim is and the grounds upon which
those claims rest," they cannot reasonably answer Plaintiff's
second and third sets of discovery. (D.I. 75 ¶ 13.)
Specifically, Defendants argue that, in these circumstances,
"Defendants would not know if the questions being asked by
Plaintiff's counsel [in a requested deposition] are related to
the case, or relevant or reasonably calculated to lead to the
admissibility of discoverable evidence." (Id. ¶ 14.) Finally,
Defendants contend that Plaintiff's discovery requests are not
"limited," as contemplated by the September 8 Order, but are
"substantive [requests] going far beyond what is needed to

3

respond to Defendants' Motion to Dismiss." (Id. ¶ 15.)

Plaintiff contends that Defendants' Motion for Protective Order should be denied for at least four reasons. First, Plaintiff argues that Defendants have waived their objection to discovery proceeding because they (1) refused to participate in a Rule 26(f) conference, and (2) failed to formally oppose Plaintiff's discovery attempts until after Plaintiff had served his discovery requests, even though Defendants knew the type of discovery Plaintiff sought well in advance of such time. (D.I. 77 ¶ 12(a)-(b).) Second, Plaintiff asserts that Defendants have not made the required demonstration of "good cause" for a stay of discovery. (Id. ¶ 13.) Third, Plaintiff argues that the discovery he seeks is necessary in order for him to respond to Defendants' Motion to Dismiss. (Id. ¶ 14.) Fourth, Plaintiff contends that since Defendants have commenced discovery in support of their defense, "[i]t is disingenuous for Defendants to . . . deny [Plaintiff] an opportunity to take discovery in support of his claims." (Id. ¶ 15.)

## III. DECISION

Federal Rule of Civil Procedure 26(c) allows parties to move the Court for protective orders in order to seal, limit, or otherwise restrict discovery. The rule provides, in pertinent part, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

4

undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The
"burden of persuasion [is] on the party seeking the protective
order." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121
(3d Cir. 1986). The party seeking a protective order "must show
good cause by demonstrating a particular need for protection."
Id. Establishing "good cause" requires the movant to
"specifically demonstrate[] that disclosure will cause a clearly
defined and serious injury. Broad allegations of harm,
unsubstantiated by specific examples, however, will not suffice."
Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)
(citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d
Cir. 1994)). Applying these principles in the present action,
the Court concludes that Defendants' Motion for Protective Order
should be denied.

The purpose of the objected-to discovery is to allow
Plaintiff to adequately respond to the Motion to Dismiss. Having
already concluded that Plaintiff is entitled to more discovery in
order to respond to the Motion to Dismiss, the Court cannot now
conclude that the Motion to Dismiss precludes further discovery.

Defendants' also contend that Plaintiff's discovery requests
go beyond the limited scope of the September 8 Order. (Id. ¶
15.) A review of Plaintiff's discovery requests (D.I. 71; D.I.
74) demonstrates that he seeks information and documents that
fall within the scope of what his counsel indicated she sought

from Defendants in her August 6, 2008 letter. In fact, many of the inquiries contained in the discovery requests are copied verbatim from that letter.

## IV. CONCLUSION

For the reasons discussed, the Motion of Defendants, Correctional Medical Services and Dr. Muhammed A. Niaz, for Protective Order (D.I. 75) will be denied.

An appropriate Order will be entered.